FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

2017 JUN 12 AM 8: 57

# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 73852-6-I |
| Respondent, | |
| v. | DIVISION ONE |
| LISA LYNN MUNRO, | UNPUBLISHED OPINION |
| Appellant. | FILED: June 12, 2017 |

LEACH, J. — An order adjusting the monthly amount to be paid on a restitution judgment does not amend that judgment. Thus, that order is not appealable as a matter of right. Although this court can treat an appeal as a motion for discretionary review, Lisa Munro has presented no persuasive reason why this court should do so here. We dismiss this appeal.

Munro pleaded guilty to first degree theft. In her plea agreement, Munro agreed to pay restitution in full to the victims and their respective creditors. The court sentenced Munro to three months of electronic home detention and payment of restitution to the victims. After a hearing, the court entered an order setting restitution at $58,560.97.[1] Munro appealed. This court dismissed her appeal for failure to comply with the conditions of the commissioner's ruling. Munro did not further appeal the order of restitution.

---

[1] The order required Munro to repay $700.00 to one individual and $39,671.16 to the other. The remaining $18,189.81 owed to credit card companies was to be paid only after the individuals were reimbursed.

Over the years, the trial court made several attempts to enforce the restitution order, to no avail. From 2009 to the present day, the court held multiple hearings to obtain Munro's compliance with the conditions set forth in her sentence.[2] The trial court repeatedly found that Munro willfully violated her sentence. In multiple review hearings, the trial court asked Munro to provide documentation supporting her claim of disability. The meager documentation Munro supplied to the court falls far short of that requested. Over the course of several years, the court set monthly payments at $200 a month, $25, and now $500. Munro challenges the order setting the $500 monthly payment.

## Analysis

A party may seek appellate review of a trial court's decision either as a matter of right or by permission from the reviewing court.[3] RAP 2.2(a) lists the decisions that may be appealed as a matter of right. Munro argues that RAP 2.2(a)(9) authorizes her appeal. This rule permits an appeal from an order on a motion, a new trial, or an amendment of a judgment. She claims that the challenged order amended the restitution judgment.

But the trial court's order setting the periodic amount to be paid on a restitution judgment can be modified or challenged at any time. For this reason, it is neither an amendment of a final judgment nor a final judgment.[4] To obtain relief

---

[2] The trial court denied Munro's motion to stay the violation hearing pending her appeal.

[3] RAP 2.1(a).

[4] See RAP 2.2(a)(1).

from an order setting the amount of a periodic payment, Munro's recourse is to challenge the payment amount in the trial court.

State v. Smits[5] supports our decision. There, we found that an order denying a request to terminate legal financial obligations (LFOs) was not final because it is conditional and the court can modify the obligations at any time. Similarly, here, the amount of payment can be changed at any time. The Smits court cited with approval the commissioner's ruling which succinctly set forth the underlying issues on appealability. The rationale of that ruling applies equally here:

> "The denial of a motion to waive or terminate LFO[ ]s is not a final judgment appealable under RAP 2.2(a)(1), a denial of a motion to amend or to vacate the judgment and sentence, appealable under RAP 2.2(a)(9) or (10), or a final order after judgment which affects a substantial right, appealable under RAP 2.2(a)(13). Granting a motion to waive or terminate legal financial obligations would not change the amount he has been ordered to pay. Rather it would relieve him from the obligation of completing payment or alter the terms of payment. Regardless of how it is titled, a motion to change the payment requirements for LFOs is not truly a motion to amend. Nor is the order a 'final' order because Smits is permitted to move for remission of his obligations at any time, regardless of whether his previous requests have been denied. RCW 10.01.160(4). . . .
>
> ". . . Because the motion to waive or terminate legal financial obligations is not truly a motion to amend the judgment and because the trial court's decision denying relief is not the final word on legal financial obligations, it does appear that Smits's only recourse is discretionary review. Smits has not made any argument for discretionary review. Accordingly, these matters will be dismissed."[6]

---

[5] State v. Smits, 152 Wn. App 514, 524, 216 P.3d 1097 (2009).

[6] Smits, 152 Wn. App. at 518 (quoting Commissioner's Ruling, State v. Smits, Nos. 62243-9-I and 62248-0-I (Wash. Ct. App. Oct. 13, 2008)).

Likewise, here, the trial court simply changed the monthly amount to be paid. It did not alter the amount of the judgment itself. Moreover, the trial court continues to give Munro opportunities to present evidence that the court should adjust the periodic payment amount. She merely has to supply the information that the trial court has repeatedly requested.

Nor, like Smits, do we find any reason to grant discretionary review. This court may grant discretionary review under RAP 2.3(a) and (b). However, the underlying issue does not meet the criteria set forth in RAP 2.3(b). Munro has not shown that the trial court has committed any obvious error or probable error, departed from the usual course of judicial proceedings, or certified or found that the parties have stipulated that the order involves a controlling question of law needing clarification. Nor does it rise to the level of any considerations governing acceptance of review in RAP 2.3(d).

Finally, Munro asks this court to deny the State appellate costs based on her indigency. We generally award appellate costs to the substantially prevailing party on review. However, when a trial court makes a finding of indigency, that finding continues throughout review "unless the commissioner or clerk determines by a preponderance of the evidence that the offender's financial circumstances have significantly improved since the last determination of indigency."[7] Here, the trial court found Munro indigent. If the State has evidence indicating significant

---

[7] RAP 14.2.

improvement in Munro's financial circumstances since the trial court's finding, it may file a motion for costs with the commissioner.

Dismissed.

_Leach, J._

WE CONCUR:

_Mann, J._                    _Dwyer, J._